Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 0 7 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARMMORRO VIJAY STROTHERS,<br><br>Defendant. | 1:24-CR-2006-SAB<br><br>INDICTMENT<br><br>Vio: 18 U.S.C. § 1343<br>Wire Fraud<br>(Count 1)<br><br>Vio: 18 U.S.C. § 912<br>False Personation of an Officer or Employee of the United States<br>(Count 2)<br><br>18 U.S.C. § 981(a)(1)(C),<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegation |

The Grand Jury charges:

COUNT 1

INTRODUCTION AND BACKGROUND

1.  Between or about August 14, 2023, through on or about August 15, 2023, A.Z. resided in Yakima, Washington, in the Eastern District of Washington.

INDICTMENT – 1

SCHEME TO DEFRAUD

2.  On or about August 13, 2023, and continuing to on or about August 15, 2023, Defendant, CHARMMORRO VIJAY STROTHERS, in the Eastern District of Washington and elsewhere, devised and participated in a scheme to defraud A.Z. of money by which (1) A.Z. was fraudulently notified via phone she had an active arrest warrant; (2) A.Z. was instructed that to avoid arrest on the fraudulent and fictitious warrant, she needed to secure a certain amount of money; (3) when A.Z. secured the demanded amount of money she was instructed to proceed to a specified location; and, (4) Defendant met A.Z. at the specified location and took A.Z.'s money.

3.  Defendant's participation in the scheme described above caused A.Z. a total financial loss of $39,000.00.

EXECUTION OF THE SCHEME TO DEFRAUD

4.  As part of the scheme and artifice to defraud, on or about August 13, 2023, Defendant rented a vehicle from the Avis Rent a Car System, LLC, at the Seattle-Tacoma International Airport in Seattle, Washington, and proceeded to drive it from Seattle, Washington to Yakima, Washington.

5.  It was further part of the scheme and artifice to defraud that a co-schemer of Defendant unknown to the grand jury contacted A.Z. on her personal cell phone on or about August 14, 2023, and on or about August 15, 2023, falsely

representing to A.Z. she was speaking with law enforcement and that A.Z. had an active warrant for her arrest.

6. It was further part of the scheme and artifice to defraud that a co-schemer of Defendant unknown to the grand jury falsely and fraudulently told A.Z. that to avoid arrest on her warrant, she needed to drive to Egley's Bail Bonds in Yakima, Washington, to pay a bond of $14,000.00.

7. It was further part of the scheme and artifice to defraud that a co-schemer of Defendant unknown to the grand jury remained on the phone with A.Z. while she withdrew $14,000.00 from her personal bank account and proceeded to a parking lot across from Egley's Bail Bonds in Yakima, Washington.

8. It was further part of the scheme and artifice to defraud that Defendant, who was unknown to A.Z, approached A.Z. on foot, collected $14,000.00 from her, and provided her with handwritten receipt indicating it was from "Egley's Bail Bonds" and listing a fraudulent and fictitious case number for a legal matter.

9. It was further part of the scheme and artifice to defraud that a co-schemer of Defendant unknown to the grand jury contacted A.Z. a second time on her personal cell phone on August 15, 2023, and falsely represented to A.Z. that a felony warrant was issued for her arrest.

10. It was further part of the scheme and artifice to defraud that a co-

INDICTMENT – 3

schemer of Defendant unknown to the grand jury falsely told A.Z. that to avoid arrest on this warrant, she needed to again drive to the parking lot near Egley's Bail Bonds in Yakima, Washington to pay a bond of $25,000.00.

11. It was further part of the scheme and artifice to defraud that Defendant then approached A.Z. on foot a second time that day and collected $25,000.00 from A.Z.

12. It was further part of the scheme and artifice to defraud that when Defendant met A.Z. a second time in the parking lot near Egley's Bail Bonds in Yakima, Washington, Defendant falsely told A.Z. he could not provide identification information, such as a badge number, because he was a United States Marshal.

## COUNT 1

13. The factual allegations in paragraphs one through twelve are incorporated herein by reference.

14. On or about August 14, 2023, through on or about August 15, 2023, in the Eastern District of Washington and elsewhere, the Defendant, CHARMMORRO VIJAY STROTHERS, with the intent to defraud, devised and intended to devise a scheme to defraud A.Z., and to obtain money from A.Z. by means of false and fraudulent pretenses and representations, and for the purpose of participating in and executing the scheme described above caused to be transmitted

INDICTMENT – 4

by means of wire communication in interstate commerce the signals and sounds of a telephone call from outside the State of Washington to A.Z. in the State of Washington in violation 18 U.S.C. § 1343.

## COUNT 2

15. The factual allegations in paragraphs one through twelve are incorporated herein by reference.

16. On or about August 15, 2023, in the Eastern District of Washington and elsewhere, the Defendant, CHARMMORRO VIJAY STROTHERS, did falsely assume and pretend to be an officer and employee of the United States, to wit, an employee of the United States Marshals Service, and acted as such, and in such pretend character demanded and obtained money; that is, $39,000 from A.Z., in violation of 18 U.S.C. § 912.

## NOTICE OF CRIMINAL FORFEITURE ALLEGATION

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343, as set forth in Count 1 of this Indictment, the Defendant, CHARMMORRO VIJAY STROTHERS, shall forfeit to the United States any property, real or personal, which constitutes or is

INDICTMENT – 5

derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

<u>U.S. CURRENCY</u>

- $39,000.00 U.S. currency

If any of the property described above, as the result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 6 day of February, 2024.

A TRUE BILL

Foreperson

*Vanessa Waldref*
Vanessa R. Waldref
United States Attorney

*[signature] for*
Courtney R. Pratten
Assistant United States Attorney

INDICTMENT – 6