Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO: 1:24-CR-2006-SAB-1 |
| Plaintiff, | |
| vs. | GOVERNMENT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT |
| CHARMMORRO VIJAY STROTHERS, | |
| Defendant. | |

  Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Courtney R. Pratten, Assistant United States Attorney, submits the following objection to the Presentence Investigation Report ("PSIR.")

**Paragraph 31:**

A two-level increase to the base offense level for Defendant's use of sophisticated means in executing the charged conduct is applicable to the facts of this case pursuant to § 2B1.1(b)(10)(C). *See United States v. Tanke*, 743 F.3d 1296, 1307 (9th Cir. 2014) (upholding sophisticated means enhancement where defendant engaged in "dozens of various acts," including falsifying invoices and checks, to conceal payments); *U.S. v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013) (upholding a sophisticated means enhancement for using a bank account with a deceptive name to conceal income and stating that conduct need not involve "highly complex schemes or exhibit exceptional brilliance" to warrant the enhancement); *see also United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (per curiam) (affirming application of the sophisticated means enhancement where defendant falsified documents and left a "complicated and fabricated" paper trail that made it hard to uncover his fraud).

The sophisticated means enhancement is applicable to cases where the conduct at issue involves "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. 2B1.1, Application Note 9(B).

When a court is determining the applicability of sophisticated means, it is necessary to engage in findings of fact. *See United States v. Ford*, 989 F.2d 347,

351 (9th Cir.1993). *Tanke* acknowledged the district court's findings that extensive planning and level of concealment are some hallmarks indicating a scheme was executed by sophisticated means. *Tanke* at 1307.

In the case at hand, Defendant participated in a scheme which required himself and others to: (1) obtain personally identifiable information (PII) and contact information (maiden name, cell phone number, town of residence) of a victim located in the Eastern District of Washington (EDWA); (2) make travel plans for Defendant that included flight arrangements and a rental car to meet the victim in the EDWA; (3) research a believable meeting location in EDWA that would not arouse victim's suspicion as to the legitimacy of the meeting; (4) research information about victim's hometown (such as the name and address of a local bail bondsman service); (4) spoof a phone call to victim so that the call appeared to originate from local law enforcement and the discovery of Defendant's scheme would be more difficult to detect; (5) obtain and convincingly use the name of a local member of law enforcement so that any efforts victim made to research the caller would result in her thinking she was actually talking to a member of law enforcement; and, (6) issue calculated false threats effective enough to convince the victim to turn over a large amount of money to Defendant.

Defendant and his associates crafted the above-detailed plans to ensure they could successfully execute the charged fraud scheme – with each step aimed at

concealment of the true nature of Defendant's interactions with the victim. While the scheme at hand was not necessarily complex or exceptionally brilliant, Ninth Circuit case law does require complexity or brilliance to uphold the application of the enhancement. What is clear from the facts of this case is the instant fraud scheme was a multi-step process that required planning, foresight, and research. Moreover, specific steps to conceal the scheme, such as executing it in a district in which the Defendant does not live, use of caller ID spoofing methods, and use of a local member of law enforcement's name and rank were taken and place this scheme at a level of complexity above a typical theft case.

      Given the above, a two-level enhancement for use of sophisticated means is warranted.

      Respectfully submitted this 23rd day of July 2024.

>Vanessa R. Waldref
> United States Attorney
>
> *s/ Courtney R. Pratten*
> Courtney R. Pratten
> Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to all counsel of record.

*s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425
Fax (509) 454-4435