UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

United States of America,

                              Plaintiff,

          v.

Charmmorro Vijay Strothers,

                              Defendant.

No.  1:24-CR-2006-SAB

**Sentencing Memorandum**

**Sentencing**
**September 3, 2024, 1:30 p.m.**

          Mr. Strothers participated in an unfortunately increasingly common[1] fraudulent scheme—calling someone on the phone, pretending to be law enforcement, advising them they have a warrant out for their arrest, then tell them they must pay a substantial sum of money to avoid being arrested. There is no indication that Mr. Strothers was the mastermind who cooked up this idea. To the contrary, odds are the unknown individual on the phone was in charge. In any event, Mr. Strothers has accepted his responsibility for defrauding two victims (one in this District, one in the Western District of Washington). His conviction in this case will make him a convicted felon. He has already served one year and one day in continuous custody for his conduct. Mr.

---

[1] *See, e.g.,* https://www.uscourts.gov/news/2014/06/02/warning-arrest-warrant-scam (UScourts.gov notice regarding similar scheme); and https://www.ilnd.uscourts.gov/_assets/_documents/PDF%20Of%20JURY%20SCAM.pdf (notice from Northern District of Illinois noting that "Federal District Courts around the country" are receiving reports of similar schemes). Counsel is also personally aware that staff within the United States Attorney's Office, Federal Defender's Office, and his own wife have received similar phone calls within the last 12 months.

Strothers has a history of productive employment. Aside from two incidents from more than a decade ago, he has proven capable of being a law-abiding citizen. Further imprisonment will provide little tangible benefit to him. Moreover, returning him to the community will allow him to obtain employment and begin repaying his victims for their losses. For these reasons and others argued herein, this Court should sentence Mr. Strothers to 15 months' imprisonment[2] followed by 3 years of supervised release.

### Factual and Procedural Background

In August 2023, Mr. Strothers flew from Georgia (where he resides) to Washington. While here, he participated in a scheme to defraud two victims (A.Z. and K.R.) of a total of $83,000. An unknown person communicated on the phone with A.Z. and K.R., posing as law enforcement officers, telling them that they had warrants out for their arrest—no such warrants existed. Nevertheless, fear motivated both victims to withdraw significant amounts of cash ($39,000 and $44,000, respectively) to pay to avoid being arrested. Both victims drove to a location chosen by the person on the other end of the phone, near bail bond businesses in Yakima and Tacoma. At these locations, Mr. Strothers made contact with both victims, took the cash that they handed over, and wrote them receipts. When A.Z. asked for his identification (i.e. a badge number), he told her he could not provide that because he was a United States Marshal.

---

[2] Counsel anticipates that Mr. Strothers has already served in real time what a 15-month sentence on paper would require, and thus his sentence would effectively be "time served."

Through combinations of video surveillance, rental car records, and a photo montage identification, law enforcement identified Mr. Strothers as the person who met with both victims and received the cash. They apprehended him at the SeaTac airport on August 18, 2023. At that time, he had $59,700 in cash within his possession along with a receipt booklet containing receipts identical to the ones recovered from the victims. Mr. Strothers has been in continuous custody, first on pending state charges and then on the instant federal case, since his arrest one year ago.

After the case transferred from state to federal court in February 2024, Mr. Strothers promptly pled guilty pursuant to a written plea agreement with the United States.[3] This plea agreement is a global plea agreement that will result in the dismissal of state charges for the victim in Tacoma. He has accepted responsibility for his actions and agreed to pay restitution to both victims.

**Advisory U.S.S.G. Calculations, Impact of Plea Agreement**

The draft PSR calculates an advisory guideline range of 24-30 months' imprisonment, based on a total offense level of 16 and criminal history category of II.[4] Notably, Probation applies a cross-reference from the primary guideline to an alternate guideline applicable to "extortion by fear, a violation of 18 U.S.C. § 1951."[5] Mr. Strothers does not object to the calculated advisory guideline range.

---

[3] *See* ECF 22.
[4] *See* ECF 24 at p. 17.
[5] *Id.* at pp. 7-8.

The United States has filed an objection to the draft PSR.[6] Specifically, the United States objects and argues that a 2-level increase should apply under § 2B1.1(b)(10)(C). Probation elected not to apply this enhancement.[7] While Mr. Strothers believes this enhancement should not apply and the Court should deny the United States' objection, it is ultimately irrelevant. Even if the Court sustains the objection, the end result will be that the primary guideline (§ 2B1.1) and cross-reference guideline (§ 2B3.2) will have the same total offense level of 19.[8] Consequently, the advisory guideline range will be the same whether the Court sustains the objection or not. If the Court determines its ruling on this issue "will not affect sentencing," then the Court need not rule on the objection.[9] Mr. Strothers has a total appeal waiver in his plea agreement[10] and it seems unlikely the United States would have any basis to appeal this issue because of its lack of impact on the advisory guideline range. Therefore, Mr. Strothers urges the Court to deny the United States' objection as moot.

As noted, Mr. Strothers pled guilty pursuant to a written plea agreement. Therein, Mr. Strothers agreed to pay the victims $84,000 in restitution, representing their respective losses of $39,000 and $45,000.[11] Victim A.Z. has requested additional

---

[6] *See* ECF 27.

[7] *See* ECF 24 at p. 7 n. 2.

[8] *See* ECF 24 at p. 7 (noting adjusted offense level of 17 without the 2-level "sophisticated means" enhancement) and p. 8 (noting adjusted offense level of 19 under § 2B3.2).

[9] *See* Fed. R. Crim. P. 32(i)(3)(B).

[10] *See* ECF 22 at p. 18.

[11] *See id.* at p. 14.

restitution for missed work and counseling, totaling $2,945.77.[12] Mr. Strothers has no objection to this additional restitution request. As to sentencing recommendations, Mr. Strothers agreed to request a sentence of no less than 15 months while the United States agreed to ask for a sentence of no more than 30 months.[13] The United States has filed a written memorandum complying with this agreement.[14] These recommendations are not binding on the Court, which retains total discretion to sentence Mr. Strothers from "time served" up to the statutory maximum of 20 years' imprisonment. As noted, Mr. Strothers has a total appeal waiver in his plea agreement.

### Argument Regarding Sentencing

Mr. Strothers presents a sort-of dichotomy regarding his history. As a young man, he was involved in some very serious offenses.[15] However, after serving a year in prison (during which he earned his GED[16]), he was apparently a law-abiding citizen from approximately age 22-30. He has many years of productive employment under his belt. There are no indications of significant substance abuse or mental health problems.[17] He completed a 5-year term of probation in December 2022, with no violations.[18] Curiously, less than a year after completing probation, Mr. Strothers got

---

[12] *See* ECF 24 at p. 6 ¶ 23.
[13] *See* ECF 22 at p. 12.
[14] *See* ECF 29.
[15] *See* ECF 24 at pp. 9-11.
[16] *See* ECF 24 at p. 13 ¶ 84.
[17] Mr. Strothers did disclose some concerns about suffering from PTSD, but has not discussed the underlying cause.
[18] *See* ECF 24 at p. 9 ¶ 52.

involved in the instant fraudulent offense. At the time, he was working and making $2,800 and $3,600 per month—not a fortune by any means, but enough for him to live on.[19] When asked why he committed this offense, Mr. Strothers described it as a "good opportunity to get a jump start in life."[20]

While the offense Mr. Strothers committed is unquestionably serious and his involvement (personally meeting the victims to collect their money, claiming to be a U.S. Marshall when the scheme faced inquiry) merits punishment, he does appear to be someone with a high likelihood of success following this conviction. Again, he has his GED and meaningful work experience as well as a variety of job skills.[21] Unlike many defendants who come before this Court, there does not appear to be any drug or alcohol addiction that he must overcome. He has shown in the past that he can comply with supervision, doing so for five years in Georgia. It is clear from the nine letters of support submitted on his behalf that he has a strong support system awaiting him when he is released back into the community.[22]

There is a clear and simple path for Mr. Strothers to remain out of trouble going forward—do not try to take shortcuts. Whatever frustrations he may have had with his income and employment, this "good opportunity" to "jump start" his life has instead proven to be a terrible decision and significant setback in his life. He has been in custody

---

[19] *See* ECF 24 at p. 14 ¶ 92.
[20] *Id.* at p. 7 ¶ 27.
[21] *See id.* at p. 13 ¶¶ 84-88.
[22] *See* Attachment 1.

for the last year in Washington across the country from everyone and everything he knows in Georgia. He will now be a convicted felon,[23] losing a substantial number of rights and gaining the stigma that comes along with it.[24] Mr. Strothers likely will also suffer some employment setbacks because he has been convicted of a fraud offense. Even if he manages to find gainful employment, his restitution debt will likely take many years to pay off.[25] He will not be able to make any substantial purchases or build any savings of his own until he makes his victims whole. These punishments are sufficient enough.

Imprisoning Mr. Strothers for approximately another year would serve no meaningful benefit to him, to the victims, or to the Court. Mr. Strothers will not have sufficient time to participate in programming that would help him become more employable. He will not have time to further his education by obtaining a college degree. Frankly, all that will happen is the Court will merely delay his ability to get a job and begin earning money to pay restitution to his victims. Instead, the Court should sentence him to 15 months' imprisonment (essentially time served given his time in custody) and allow him to begin serving his term of supervised release. He can

---

[23] It does not appear from available records that Mr. Strothers' 2015 conviction in Georgia is a felony offense based on the sentence imposed.
[24] Of course, that stigma means less now than it has in years and decades passed. After all, felons can be President.
[25] Assuming the cash seized from him is applied to restitution, Mr. Strothers will still owe almost $30,000 in restitution. If he could afford to pay $100/month toward restitution, it would take him approximately 25 years to pay his debt.

immediately seek out and obtain employment and begin working to repay his debts to the victims.

**CONCLUSION**

For the reasons set forth herein, the Court should sentence Mr. Strothers to 15 months' imprisonment followed by 3 years of supervised release.

Dated: August 19, 2024.

By <u>s/ Paul E. Shelton</u>
Paul E. Shelton, 52337
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Paul_Shelton@fd.org

**Certificate of Service**

     I hereby certify that on August 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Courtney Pratten and Ben Seal, Assistant United States Attorneys.

s/ Paul E. Shelton
Paul E. Shelton
